

July 30, 2020

<u>Via ECF</u>

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

```
Plaintiff is granted leave to file a
motion for alternative service.  The
August 3 deadline is stayed pending the
resolution of the motion.


                NAOMI REICE BUCHWALD
                UNITED STATES DISTRICT JUDGE

Dated: July 31, 2020
```

Re:   *Deutsch v. Status Research & Development GmbH, et al.*, No. 20-cv-02815 (NRB)

Dear Judge Buchwald:

  We represent Plaintiff in the above-referenced action. Pursuant to Rule 2.B of the Court's Individual Practices, Plaintiff respectfully requests a pre-motion conference with the Court concerning his anticipated motion for alternative service on Defendants Jarrad Hope and Carl Bennetts (the "Individual Defendants").

  By letter dated June 3, 2020, the Court extended Plaintiff's deadline for service to 120 days after the Complaint was filed, and noted that the action would be dismissed unless Plaintiff could, by August 3, 2020, achieve service or show good cause why the time to serve should be further extended.[1] ECF No. 17. Defendant Status Research & Development GmbH ("Status") waived service through counsel pursuant to a stipulation that was so-ordered by this Court on June 9, 2020. ECF No. 25. Despite Plaintiff's multiple requests, counsel for Status will not accept service on behalf of the Individual Defendants, even though these defendants are current employees of Status.

  Both Hope, co-founder and Chief Executive Officer of Status, and Bennetts, co-founder and Chief Communications Officer of Status, are current employees of Status who are alleged to reside in Switzerland. Compl. ¶¶ 15–16. Federal Rule of Civil Procedure 4

---

[1] Plaintiff will file his motion for alternative service promptly upon receiving leave of the Court, and, if granted, intends to effect service swiftly thereafter. If Plaintiff's motion is not resolved by August 3, good cause exists for a short extension of time to effect service on the Individual Defendants pending the Court's ruling on Plaintiff's proposed motion.

authorizes alternative service upon foreign defendants by any "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

Plaintiff's proposed means of service (through email reasonably calculated to reach the Individual Defendants, through their social media accounts, and through Status' registered agent in Switzerland) are not prohibited by any international agreement. Despite an exhaustive effort involving meticulous searches through available domestic and international records, and the engagement of a private investigator, Plaintiff has been unable to discern an address for either Individual Defendant. Because the Individual Defendants' addresses are not known, Hague Convention service does not apply. *S.E.C. v. Lines*, No. 07-CV-11387 (DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009); *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) ("Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.").

Plaintiff's proposed means of alternative service also comply with due process. *See, e.g.*, *Lines*, 2009 WL 3179503, at *4 (approving alternative service of Swiss defendant by email). This is particularly so here since it would seem a certainty that the Individual Defendants already have knowledge of this lawsuit given that the company they founded and lead, Status, has waived service, engaged counsel, and appeared in the action. *See, e.g.*, *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("[O]bviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him."). Indeed, Mr. Nagy, counsel for Status, has represented that he spoke to one of the Individual Defendants by phone about accepting service in this suit, but this individual ultimately did not authorize Mr. Nagy to accept service on his behalf.

For the foregoing reasons, Plaintiff seeks leave to file a motion, pursuant to Rule 4 of the Federal Rules of Civil Procedure, for alternative service upon Defendants Jarrad Hope and Carl Bennetts. Plaintiff also respectfully requests that the Court's August 3, 2020 deadline to complete service on the remaining defendants be extended pending a ruling on Plaintiff's proposed motion for alternative service and the effecting of such service.

Respectfully submitted,

*/s/ Kyle W. Roche*  
Kyle W. Roche  
Roche Cyrulnik Freedman LLP

*/s/ Jordan A. Goldstein*  
Jordan A. Goldstein  
Selendy & Gay, PLLC