


August 3, 2020

**Via ECF**

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Deutsch v. Status Research & Development GmbH, et al.*, No. 20-cv-02815 (NRB)

Dear Judge Buchwald:

      We represent Plaintiff in the above-referenced action. Pursuant to Rule 2.E.1 of the Court's Individual Practices, Plaintiff submits this letter outlining the substantive argument advanced in Plaintiff's memorandum of law in support of his motion for alternative service on Defendants Jarrad Hope and Carl Bennetts (the "Individual Defendants"). The Court on July 31, 2020 granted Plaintiff leave to file such motion. (ECF 44.)

      By letter dated June 3, 2020, the Court extended Plaintiff's deadline for service to 120 days after the Complaint was filed, and noted that the action would be dismissed unless Plaintiff could, by August 3, 2020, achieve service or show good cause why the time to serve should be further extended. (ECF 17.) The Court subsequently stayed the August 3, 2020 deadline pending resolution of the instant motion. (ECF 44.)[1] Defendant Status Research & Development GmbH ("Status") waived service through counsel pursuant to a stipulation that was so-ordered by this Court on June 9, 2020. (ECF 25.) Despite Plaintiff's multiple requests, counsel for Status will not accept service on behalf of the Individual Defendants, even though the Individual Defendants are co-founders and current officers of Status.

      Both Hope, co-founder and Chief Executive Officer of Status, and Bennetts, co-founder and Chief Communications Officer of Status, are current employees of Status who

---

[1] If the Court grants this motion, Plaintiff intends to serve the Individual Defendants promptly thereafter.

are alleged to reside in Switzerland. Am. Compl. ¶¶ 15–16. Federal Rule of Civil Procedure 4 authorizes alternative service upon foreign defendants by any "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

Plaintiff's counsel has undertaken exhaustive efforts to locate both of the Individual Defendants. Plaintiff's counsel has, among other things, expended significant resources searching through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and abroad. It has also engaged a private investigator to locate the Individual Defendants and, to the extent possible, attempt to serve them through the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Notwithstanding these diligent efforts, Plaintiff has been unable to discern an address for either Individual Defendant.

Plaintiff's proposed means of service (through counsel for Status, email, and social media) are not prohibited by any international agreement. Because the Individual Defendants' addresses are not known, Hague Convention service does not apply. *S.E.C. v. Lines*, No. 07-CV-11387 (DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009); *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) ("Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.").

Plaintiff's proposed means of alternative service also comport with due process. *See, e.g.*, *Lines*, 2009 WL 3179503, at *4 (approving alternative service of Swiss defendant by email). This is particularly so here because it would seem a certainty that the Individual Defendants already have knowledge of this lawsuit. The company they founded and lead, Status, has waived service and its counsel has appeared in the action. *See, e.g.*, *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("[O]bviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him."). Indeed, Mr. Nagy, counsel for Status, has represented that he spoke to one of the Individual Defendants by phone about accepting service in this suit, but this individual did not authorize Mr. Nagy to accept service on his behalf.

For the foregoing reasons, and for the reasons set forth in further detail in Plaintiff's memorandum of law in support of this motion, Plaintiff requests that the Court grant his motion to effectuate service on Defendants Jarrad Hope and Carl Bennetts through alternative means under Federal Rule of Civil Procedure 4.

Respectfully submitted,

| | |
|---|---|
| */s/ Kyle W. Roche* | */s/ Jordan A. Goldstein* |
| Kyle W. Roche | Jordan A. Goldstein |
| Roche Cyrulnik Freedman LLP | Selendy & Gay, PLLC |