**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOEL DEUTSCH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 1:20-cv-02815-NRB |
| v. | Hon. Naomi Reice Buchwald |
| STATUS RESEARCH & DEVELOPMENT GMBH, JARRAD HOPE, and CARL BENNETTS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ......................................................................................................2

      A.     Status's Online-Only Presence ...................................................................3

      B.     Plaintiff's Efforts to Serve the Individual Defendants.............................4

LEGAL STANDARD................................................................................................6

ARGUMENT ..........................................................................................................7

I.      ALTERNATIVE SERVICE IS NEITHER AN EXTRAORDINARY REMEDY
       NOR A LAST RESORT, AND PLAINTIFF HAS ALREADY UNDERTAKEN
       EXTENSIVE STEPS TO SERVE THE INDIVIDUAL DEFENDANTS. ........................8

II.     THE PROPOSED ALTERNATIVE SERVICE ON THE INDIVIDUAL
       DEFENDANTS IS NOT PROHIBITED BY THE HAGUE CONVENTION OR
       OTHER INTERNATIONAL LAW................................................................9

III.    THE PROPOSED ALTERNATIVE SERVICE ON THE INDIVIDUAL
       DEFENDANTS COMPORTS WITH DUE PROCESS....................................10

CONCLUSION......................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*,
  No. 14-CV-1112 (VSB), 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) .......................... 9

*Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*,
  No. 15 CIV. 1671 JSR, 2015 WL 6437384 (S.D.N.Y. Oct. 19, 2015).............................. 7

*AMTO, LLC v. Bedford Asset Mgmt., LLC*,
  No. 14-CV-9913, 2015 WL 3457452 (S.D.N.Y. June 1, 2015) ...................................... 10

*BP Prods. N. Am., Inc. v. Dagra*,
  236 F.R.D. 270 (E.D. Va. 2006) ....................................................................................... 7

*Brown v. China Integrated Energy, Inc.*,
  285 F.R.D. 560 (C.D. Cal. 2012) .................................................................................... 11

*Elsevier, Inc. v. Siew Yee Chew*,
  287 F. Supp. 3d 374 (S.D.N.Y. 2018)............................................................................. 10

*F.T.C. v. PCCare247 Inc.*,
  No. 12 CIV 7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ..................... 11, 12

*F.T.C. v. Pecon Software Ltd.*,
  No. 12 CIV 7186 (PAE), 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013).......................... 11

*Gurung v. Malhotra*,
  279 F.R.D. 215 (S.D.N.Y. Nov. 22, 2011) ..................................................................... 11

*Jian Zhang v. Baidu.com Inc.*,
  293 F.R.D. 508 (S.D.N.Y. 2013) ...................................................................................... 6

*Microsoft Corp. v. Does*,
  No. 12-CV-1335 SJ RLM, 2012 WL 5497946 (E.D.N.Y. Nov. 13, 2012) ..................... 13

*Oscilloscope Pictures, Inc. v. Monbo*,
  No. 17CV07458MKBST, 2019 WL 2436296 (E.D.N.Y. Feb. 22, 2019) ........................ 12

*Philip Morris USA Inc. v. Veles Ltd.*,
  No. 06 CV 2988(GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007)................... 9, 11, 12

*Prediction Co. LLC v. Rajgarhia*,
  No. 09 Civ. 7459 (SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ........................ 10

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .......................................................................................... 4

*S.E.C. v. Anticevic*,
    No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ...................... 6, 7

*S.E.C. v. Lines*,
    No. 07 CIV. 11387 (DLC), 2009 WL 2431976 (S.D.N.Y. Aug. 7, 2009) ................... 6, 7

*S.E.C. v. Lines*,
    No. 07-CV-11387 (DLC), 2009 WL 3179503 (S.D.N.Y. Oct. 2, 2009) ................... 9, 10

*Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) ............................................................................. 10

*United States v. Besneli*,
    No. 15 Civ. 7339 (JFK), 2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015) ................. 7, 8, 12

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) .......................................................................................................... 9

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
    No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr.17, 2007) ............................. 11

## **Rules**

Fed. R. Civ. P. 4 ................................................................................................... 1, 2, 6, 7, 13

Fed. R. Civ. P. 4(f)(3) .................................................................................................... 6, 7

Lead Plaintiff Joel Deutsch respectfully submits this memorandum of law in support of his motion, pursuant to Rule 4 of the Federal Rules of Civil Procedure, for service of process by alternative means on Defendants Jarrad Hope ("Hope") and Carl Bennetts ("Bennetts," and together with Hope, the "Individual Defendants").

## PRELIMINARY STATEMENT

Plaintiff successfully served Defendant Status Research & Development GmbH ("Status," and together with the Individual Defendants, "Defendants") nearly two months ago. Despite this, neither of the Individual Defendants—who are Status's co-founders and its current Chief Executive Officer (Hope) and Chief Communications Officer (Bennetts) (Am. Compl., ECF 42, ¶¶ 15–16)—has appeared in this action through counsel or otherwise. Instead, the Individual Defendants have leveraged their online-only operations to avoid public tracing and, by extension, service. But service of process is intended to fairly apprise defendants of a pending action and the claims against them. It is not meant to be a game of "cat and mouse," whereby unscrupulous actors take advantage of American markets, consumers, and resources—as Defendants have done—and then skirt liability by vanishing into the fog of internet obscurity.

As described below, Plaintiff's counsel has undertaken exhaustive efforts to serve each of the Individual Defendants. Plaintiff's counsel has, among other things, expended significant resources searching through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and abroad. It has also engaged a private investigator to locate the Individual Defendants and, to the extent possible, attempt to serve them through the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Notwithstanding these diligent efforts—and multiple requests

by Plaintiff's counsel that counsel for Status accept service of process for the Individual Defendants (which Status's counsel has refused)—service has been completed only on Status.

Plaintiff now seeks to complete service on the Individual Defendants through alternative means pursuant to Federal Rule of Civil Procedure 4. Rule 4 authorizes service to be effectuated by any "means not prohibited by international agreement." The Individual Defendants should no longer be permitted to avoid responding to the claims brought against them in this District. Plaintiff respectfully asks the Court to grant his motion for alternative service because the proposed means (through counsel for Status, email, and social media) are not prohibited by international agreement and comport with due process requirements, and therefore are routinely authorized in this District. Absent such a ruling, the Individual Defendants—who raised approximately $100 million in an initial coin offering by selling unregistered securities (Am. Compl. ¶ 43)—will be immunized from the consequences of their misconduct.

## **<u>BACKGROUND</u>**

This case is a securities class action seeking to recover damages caused by Defendants' sales of SNT tokens, which are unregistered securities. Plaintiff Alexander Clifford brought this action, which is the first filed complaint concerning this subject matter, on behalf of a proposed class ("Class") consisting of all persons who purchased SNT tokens (the "Tokens") from June 20, 2017 to April 3, 2020 (the "Class Period"). On June 8, 2020, Joel Deutsch moved under the Private Securities Litigation Reform Act to be appointed lead plaintiff and to appoint the undersigned counsel as co-lead counsel. (ECF 21.) The motion was unopposed, and following a July 21, 2020 hearing, the Court granted the motion on July 22, 2020. (ECF 39.) On July 28, 2020, Plaintiff filed an Amended Complaint against Status and the Individual Defendants. (ECF 42.) On July 30, 2020, Plaintiff requested a pre-motion conference for his anticipated motion for alternative service on

the Individual Defendants (ECF 43); on July 31, 2020, the Court granted leave to file the instant motion. (ECF 44.)

A.      **Status's Online-Only Presence**

The Amended Complaint sets forth in detail how Status's operations are conducted almost exclusively online, without any public office address. For instance, Plaintiff alleges that Status sold the Tokens in an initial coin offering and then "solicited online exchanges" to list the Tokens on their platforms and encourage purchases by a wider universe of investors. (Am. Compl. ¶ 6.) Indeed, anyone who wishes to communicate with Status is referred to the address Plaintiff used to initiate service on Status under the Hague Convention in Zug, Switzerland, as well as an email address:

**Contact information**


**Owner and Data Controller**
Status Research & Development GmbH
Baarerstrasse 10
6302 Zug
Switzerland

**Owner contact email:** compliance@status.im

*See* Privacy Policy, Status Network, https://www.iubenda.com/privacy-policy/94457202 (link resulting from clicking "Privacy Policy" at bottom of https://statusnetwork.com/) (last visited Aug. 3, 2020).[1] Plaintiff has been unable to determine whether this Switzerland address hosts any physical office space or Status employees, however, or whether it is simply a corporate mailing address. (Declaration of Jordan A. Goldstein ("Goldstein Decl.") ¶ 3.) To the best of Plaintiff's knowledge, Status does not list or disclose any office or physical presence in *any* country.

---

[1]   The registrant of Status's website, "status.im"—including its name and location—is not publicly available, purportedly in order "to comply with European Union General Data Protection Regulations." WHOIS Search Results, GoDaddy, https://www.godaddy.com/whois (lookup for "status.im") (last visited Aug. 3, 2020).

(Goldstein Decl. ¶ 3.) *Cf. Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (affirming district court's authorization of email service on company that "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information") (emphasis in original).

Likewise, those clicking "Contact Us" on the website for Status's "Press Kit" are directed to a company *email* address: press@status.im. *See* Contact Us, Status Network, https://statusnetwork.com/press-kit/status/ (last visited Aug. 3, 2020).

Notably, Defendants have previously availed themselves of the benefits and privileges of doing business in New York. Status was represented at the 2019 Blockchain Week New York conference, which held numerous events in this District. (Am. Compl. ¶ 21.) Status has also advertised software design job openings in this District. (*Id.*) And on February 18, 2020, Status hosted a product "Launch Party" in New York City that, on information and belief, was attended by residents of this District. (*Id.*)

### B.    Plaintiff's Efforts to Serve the Individual Defendants

Immediately after filing the Complaint, counsel for Plaintiff began an exhaustive investigation to locate each of the three Defendants. Counsel located an address for service of process on Status at Baarerstrasse 10, 6302 Zug, Switzerland. Plaintiff then engaged an international process server to initiate service of process on Status pursuant to the Hague Convention. While that process was pending, counsel for Status agreed to enter a joint stipulation that, among other things, waived service of process on Status only. Counsel for Status refused, however, to accept service on behalf of the Individual Defendants. The parties filed the stipulation on June 8, 2020. (ECF 18.) On July 2, 2020, Plaintiff's counsel received confirmation from the Central Authority in Zug, Switzerland that service of process on Status—which had been initiated before the joint stipulation—was successful. (Goldstein Decl. Ex. A.)

On multiple occasions, Plaintiff's counsel has requested that counsel for Status waive service of process on the Individual Defendants; on each occasion, counsel for Status has refused to accept service (Goldstein Decl. ¶ 3), thus increasing the burden on the Court and Plaintiff, and necessitating this entirely avoidable motion practice. It is inconceivable that the Individual Defendants, who are Status's co-founders and its CEO (Hope) and Chief Communications Officer (Bennetts) (Am. Compl. ¶¶ 15–16)—are unaware of this lawsuit. To the contrary, Mr. Nagy, counsel for Status, has confirmed that he spoke to one of the Individual Defendants by phone about accepting service in this suit, but this individual did not authorize Mr. Nagy to accept service on his behalf. (Goldstein Decl. ¶ 3.)

The undersigned counsel has conducted an extensive investigation to identify addresses for service of process on the Individual Defendants. (Goldstein Decl. ¶ 3.) Plaintiff's counsel, among other things, searched meticulously through available domestic and international records—including business filings, social media posts, web sites, blog posts, corporate affiliation websites, contact information websites, government registries, and media and online interviews—to locate addresses for Hope and Bennetts. The only contact information obtained was the following email addresses potentially affiliated with the Individual Defendants:

- **Defendant Hope**: (i) jarrad.hope@status.net.au; (ii) jarrad@status.im; and (iii) me@jarradhope.com.

- **Defendant Bennetts**: (i) marketing@carlbennetts.com; (ii) carl.bennetts@status.net.au; (iii) cbennetts@status.net.au; and (iv) carl@status.im.

Hope is an active user on Twitter, re-tweeting and posting multiple times even within the last few days. Notably, he lists his location as "[w]herever I happen to be." Jarrad Hope, Twitter,

https://twitter.com/jarradhope?lang=en (last visited Aug. 3, 2020). Hope also has a LinkedIn profile that lists him as co-founder of Status and lists his location as "Other." Jarrad Hope, LinkedIn, https://www.linkedin.com/in/jarradhope/ (last visited Aug. 3, 2020).

Bennetts, too, has a Twitter profile, though it is private and tweets are not publicly available. His location on Twitter is listed as "Zug, Switzerland." Carl Bennetts, Twitter, https://twitter.com/carlbennetts?lang=en (last visited Aug. 3, 2020). His LinkedIn profile, however, lists his location as "Central Singapore," though without a more precise address. Carl Bennetts, LinkedIn, https://www.linkedin.com/in/carlbennetts/ (last visited Aug. 3, 2020).

Plaintiff's counsel engaged a private investigator to locate the Individual Defendants when efforts by counsel to locate them proved unsuccessful. On May 26, 2020, Plaintiff's counsel was informed that the private investigator could not locate the Individual Defendants in Switzerland or otherwise. (Goldstein Decl. ¶ 3.)

Plaintiff has therefore exhausted all other available options to serve the Individual Defendants under Rule 4 and should be permitted to serve them through alternative means.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4 provides how service may be effectuated on various defendants. Individual defendants who Plaintiff suspects are in a foreign country—like Hope and Bennetts—may be served by any "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

Courts in this District routinely exercise "wide discretion" to permit alternative service. *S.E.C. v. Lines*, No. 07 CIV. 11387 (DLC), 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (same); *see also S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (Rule 4(f)(3) "'provides the Court with flexibility and discretion empowering courts to fit the manner of

service utilized to the facts and circumstances of the particular case.'" (quoting *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006))).

A "'plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).'" *Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, No. 15 CIV. 1671 JSR, 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015) (quoting *Anticevic*, 2009 WL 361739, at *3). While courts may consider a plaintiff's efforts to effectuate service on a defendant, "[e]xhaustion of other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service." *United States v. Besneli*, No. 15 Civ. 7339 (JFK), 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015).

A plaintiff seeking to effectuate service upon a foreign defendant under Rule 4(f)(3) must therefore demonstrate: (i) "why service through the foreign country's Central Authority under the Hague Service Convention's procedures should not be required"; (ii) "that the method is not prohibited by the Hague Service Convention or by any other applicable international agreement"; and (iii) that the order will "comply with due process requirements, which call for notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" *Lines*, 2009 WL 2431976, at *2.

## ARGUMENT

Alternative service on the Individual Defendants is appropriate here. Courts do not require a plaintiff to exhaust other options under Rule 4 before seeking alternative service. Plaintiff, however, has conducted a reasonably diligent investigation to locate the Individual Defendants but has been unable to locate them. Plaintiff has therefore exhausted all other available options under Rule 4.

The proposed means of alternative service (through counsel for Status, email, and social media) do not violate international law. Alternative service here also comports with due process

because the Individual Defendants have reasonable notice of the pendency of the litigation: they are both co-founders and senior officers of Status, and at least one has been in touch with counsel for Status to discuss waiving service. Alternative service will merely permit this case to proceed in earnest. Plaintiff respectfully requests that his motion be granted.

## I.     ALTERNATIVE SERVICE IS NEITHER AN EXTRAORDINARY REMEDY NOR A LAST RESORT, AND PLAINTIFF HAS ALREADY UNDERTAKEN EXTENSIVE STEPS TO SERVE THE INDIVIDUAL DEFENDANTS.

Plaintiff undertook prompt and extensive efforts to effectuate service on each of the three Defendants but was able to serve only one: Status. Although not a prerequisite to alternative service, Plaintiff has exhausted his efforts to serve both of the Individual Defendants. *See Besneli*, 2015 WL 4755533, at *1 ("Exhaustion of other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service.").

Plaintiff therefore seeks leave to effectuate service on the Individual Defendants pursuant to Rule 4 through the following alternative means:

- **Status's Counsel**: Plaintiff seeks to serve the Individual Defendants through counsel for Status, who has represented that he is in touch with at least one of the Individual Defendants with whom he specifically discussed the possibility of waiving service. (Goldstein Decl. ¶ 3.)

- **Company Email**: Plaintiff seeks to serve the Individual Defendants through Status's publicly available contact information—namely,

  (i) compliance@status.im and (ii) press@status.im.

- **Personal Email**: Plaintiff seeks to serve the Individual Defendants through personal email addresses potentially affiliated with them—namely, (i) for Defendant Hope, (a) jarrad.hope@status.net.au, (b) jarrad@status.im, and

(c) me@jarradhope.com; and (ii) for Defendant Bennetts,

(a) marketing@carlbennetts.com, (b) carl.bennetts@status.net.au,

(c) cbennetts@status.net.au, and (d) carl@status.im.

- **Social Media**: Plaintiff seeks to serve the Individual Defendants through their social media profiles on Twitter and LinkedIn.

## II. THE PROPOSED ALTERNATIVE SERVICE ON THE INDIVIDUAL DEFENDANTS IS NOT PROHIBITED BY THE HAGUE CONVENTION OR OTHER INTERNATIONAL LAW.

The Hague Convention governs where "there is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). But it does "not apply where the address of the person to be served with the document is not known." *S.E.C. v. Lines*, No. 07-CV-11387 (DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009). "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).

The Hague Convention poses no bar to alternative service on the Individual Defendants because Plaintiff has been unable to obtain an address for either of them after a diligent investigation. *Cf. Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (granting plaintiff's request to allow service by email after an investigation did not uncover valid physical addresses).

Additionally, Status does not advertise any publicly available office and conducts virtually all of its operations online. (Goldstein Decl. ¶ 3.) Where, as here, the Individual Defendants have "operated in such a way as to stymie any effort to determine their true addresses," there is no "requirement that plaintiffs first attempt to serve the [foreign] defendants through the Hague

Convention process." *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378–79 (S.D.N.Y. 2018).

Finally, Plaintiff's proposed means of service—through counsel for Status, corporate and personal email addresses that are reasonably calculated to reach the Individual Defendants, and through their social media accounts—do not violate international law. *See, e.g., See, e.g.*, *Lines*, 2009 WL 3179503, at *4 (approving alternative service of Swiss defendant by email); *see also infra* Section III (proposed means of service comport with due process).

## III.   THE PROPOSED ALTERNATIVE SERVICE ON THE INDIVIDUAL DEFENDANTS COMPORTS WITH DUE PROCESS.

The proposed means of alternative service also comport with due process. Due process requires only "notice reasonably calculated … to apprise interested parties of the pendency of the action." *See AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015).

*First*, the Individual Defendants already have notice of this action because Status has been served through its counsel and through its registered agent.[2] (ECF 25; Goldstein Ex. A.) And counsel for Status has appeared in this action. In cases like this, "[c]ourts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013); *Prediction Co. LLC v. Rajgarhia,* No. 09 Civ. 7459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (service through counsel appropriate where defendant and counsel had "been in

---

[2]   Plaintiff does not presently seek to serve the Individual Defendants through Status's registered agent in Switzerland because previous efforts to mail documents to the attention of Hope and Bennetts at that address were unsuccessful; the mail was returned to Plaintiff's counsel on August 3, 2020. *See* Goldstein Decl. Ex. B.

recent contact"); *Brown v. China Integrated Energy, Inc.,* 285 F.R.D. 560, 566 (C.D. Cal. 2012) (unserved officers' and directors' "close connection" with the corporation make it "all but certain" that directors served "will receive notice of the suit"). For the same reasons, given that the parent entity has been served, the Individual Defendants plainly have notice of this litigation. *See GLG Life Tech.,* 287 F.R.D. at 267 ("[I]t is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney. … [O]bviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him."); *see also F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) ("Service by alternative means is all the more reasonable where, as here, the defendants demonstrably already have knowledge of the lawsuit.").

*Second*, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. Nov. 22, 2011)). This is especially true where, as here, defendants appear to conduct business exclusively over the internet. *See Philip Morris*, 2007 WL 725412, at *3 (authorizing service by email where "defendants conduct business extensively … through their Internet websites and correspond regularly with customers via email" and rejecting "[d]efendants' objections about theoretical reliability of email service" where plaintiff "amply demonstrated the high likelihood that defendants would receive and respond to email communications"); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr.17, 2007) (authorizing service by email where plaintiff "has

established that the email accounts [it has] for defendants have been effective means of communicating with defendants").

The email addresses obtained by Plaintiff's counsel are likely to reach the Individual Defendants. The corporate email addresses "compliance@status.im" and "press@status.im" are listed as the methods of contact on Status's public website, under its Privacy Policy, and for the media, under its Press Kit. The personal email addresses likewise are reasonably calculated to reach the Individual Defendants.

*Third*, out of an abundance of caution, Plaintiff also seeks leave to serve the Individual Defendants through their social media accounts. Courts in this Circuit regularly find that service by social media comports with due process, particularly where, as here, it is not the only proposed form of alternative service. *See, e.g.*, *Oscilloscope Pictures, Inc. v. Monbo*, No. 17 CV 07458 (MKB) (ST), 2019 WL 2436296, at *2 (E.D.N.Y. Feb. 22, 2019) (Twitter); *PCCare247*, 2013 WL 841037, at *6 (Facebook); *see also Besneli*, 2015 WL 4755533, at *1 (email and publication). And the propriety of these methods is heightened by the fact that Defendants regularly conduct business over the internet and have obscured their physical location. *See, e.g.*, *Philip Morris*, 2007 WL 725412, at *3 ("Plaintiff showed that defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email. Furthermore, defendants do not disclose their physical addresses or location of incorporation. Through its investigation, plaintiff has shown that email and fax correspondence are likely to reach defendants. Therefore, the alternative means of service by email and fax in this case was reasonably calculated to apprise defendants of the pendency of this action."); *PCCare247*, 2013 WL 841037, at *6 ("Where defendants run an online business, communicate with customers via email, and advertise their business on their Facebook pages, service by email and Facebook together presents a means

12

highly likely to reach defendants."); *Microsoft Corp. v. Does*, No. 12-CV-1335 (SJ) (RLM), 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012) (approving alternative service where Defendants were "alleged cybercriminals" whose "physical locations [we]re unknown"). Service by social media is therefore reasonably calculated to reach the Individual Defendants and comports with due process.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion to effect service by alternative means pursuant to Federal Rule of Civil Procedure 4 on Individual Defendants Jarrad Hope and Carl Bennetts.

Dated:   New York, NY                              Respectfully submitted,
         August 3, 2020


*/s/ Philippe Z. Selendy*                          */s/ Kyle W. Roche*
Philippe Z. Selendy                                Kyle W. Roche
Jordan A. Goldstein                                Edward Normand
Spencer Gottlieb                                   Velvel (Devin) Freedman
David Coon                                         Jordana Haviv
SELENDY & GAY PLLC                                 ROCHE CYRULNIK
1290 Sixth Avenue, 17th Floor                         FREEDMAN LLP
New York, NY 10104                                 99 Park Avenue, 19th Floor
pselendy@selendygay.com                            New York, NY 10016
jgoldstein@selendygay.com                          kyle@rcfllp.com
sgottlieb@selendygay.com                           tnormand@rcfllp.com
dcoon@selendygay.com                               vel@rcfllp.com
                                                   jhaviv@rcfllp.com

                                                   *Attorneys for Lead Plaintiff and the Class*

13